SIGNED THIS: May 2, 2013

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ERIC ZEEDYK and | ) Bankruptcy Case No. 12-90886 |
| AMANDA ZEEDYK, | ) |
| | ) |
| Debtors. | ) |
| | |
| KATRINA MARIE ROCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Adversary Case No. 12-9052 |
| | ) |
| ERIC ZEEDYK, | ) |
| | ) |
| Defendant. | ) |

OPINION

This matter having come before the Court for trial on a Complaint filed by Plaintiff, Katrina Rock, the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

There is no significant dispute as to the material facts in this matter. On February 10, 2010, the Plaintiff and the Debtor/Defendant entered into an Installment Agreement for Purchase of Real Estate concerning real property located at 271 South Euclid, Bradley, Illinois. (Joint Exhibit A). An Amended Installment Agreement for Purchase of Real Estate was subsequently entered into by the parties on May 12, 2011. (Joint Exhibit B). Both agreements called for a purchase price of $97,000, payable in installments from the Plaintiff to the Debtor/Defendant, with a balloon payment due on or before April 15, 2016. The Plaintiff took possession of the subject real estate on or about February 10, 2010, and has continued to reside therein since that date. The Installment Agreements entered into evidence as Joint Exhibits A and B called for the Debtor/Defendant, as Seller, to be responsible for payment of all real estate taxes and hazard insurance. The Agreements were silent as to the Debtor/Defendant's responsibility for disposition of the payments made by the Plaintiff.

At trial, the Plaintiff testified that, during the Summer of 2011, she received a letter indicating that the real estate taxes on the subject property had not been paid for the years 2009 and 2010. Being concerned about this letter, the Plaintiff eventually contacted the Debtor/Defendant and was advised by the Debtor/Defendant that he was in the process of attempting to sell the subject real estate and other properties to a third party, and that all issues concerning back real estate taxes and other matters would be worked out. No sale ever occurred to a third party as indicated by the Debtor/Defendant, and, as a result, the mortgagor on the subject real estate began foreclosure proceedings and the Plaintiff stopped making the payments under the sale Agreements late in 2011.

The credible evidence adduced at trial reveals that the Plaintiff paid approximately $48,000 toward the purchase of the subject real estate prior to ceasing payments to the Debtor/Defendant in 2011. Following the initiation of foreclosure proceedings by the State Bank of Herscher, the Plaintiff negotiated a new mortgage in her name with the Bank, paying an

additional $68,000 for purchase of the subject real estate. The Plaintiff testified that, while the Debtor/Defendant did not directly inform her that there was a mortgage against the subject real estate with the State Bank of Herscher at the time of entering into the Installment Agreements, she assumed on her own that there was, in fact, a mortgage in the Debtor/Defendant's name.

## Conclusions of Law

The issues in this matter are governed by 11 U.S.C. § 523(a)(2)(A), which states:

> (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by -
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

Section 523(a)(2)(A) lists three separate grounds for non-dischargeability: actual fraud, false pretenses, and false representation. Despite the recitation of three independent grounds, Courts have historically applied a single, unified test to proceedings under this section, containing the following elements: (1) the debtor made a representation to the creditor; (2) the debtor's representation was false; (3) the debtor possessed scienter, i.e. an attempt to deceive; (4) the creditor relied on the debtor's misrepresentation resulting in a loss to the creditor; and (5) the creditor's reliance was justifiable. Field v. Mans, 516 U.S. 59, 116 S.Ct. 437 (1995). The Plaintiff bears the burden of proof on all elements under 11 U.S.C. § 523(a)(2)(A) by a preponderance of the evidence. Grogan v. Garner, 111 S.Ct. 654 (1991). To further the policy providing a debtor a fresh start in bankruptcy, exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor. Meyer v. Rigdon, 36 F.3d 1375 (7th Cir. 1994).

In the instant case, the Court finds that both the Plaintiff and the Debtor/Defendant were credible witnesses. The only testimony concerning a representation made by the Debtor/Defendant to the Plaintiff was the Debtor/Defendant's representation in the Summer of

2011 that he was arranging a sale of various parcels of his real estate to a third party and that all matters would be taken care of, including the payment of delinquent real estate taxes. As to this representation, the Court cannot find that the representation was false or that, in making it, the Debtor/Defendant had an intent to deceive the Plaintiff. The credible evidence suggests that the Plaintiff, in fact, was hopeful that he could make arrangements, through a third-party buyer, to resolve the delinquencies in real estate taxes and his mortgage payments. The Court finds that there was no evidence at trial which indicated that the Debtor/Defendant made a representation to the Plaintiff about payment or non-payment of his mortgage with the State Bank of Herscher on the subject real estate. As stated above, the Installment Agreements were silent as to this issue.

Even if the Court had found that the Debtor/Defendant made false representations to the Plaintiff in this matter, the evidence presented at trial was insufficient to prove the Plaintiff's measure of damages. While the evidence did reveal that the Plaintiff paid the Debtor/Defendant approximately $48,000 under the subject Installment Agreements, there was no evidence as to the rental value of the subject real estate which would necessarily have to be deducted from the total paid by the Plaintiff to the Debtor/Defendant. Additionally, there was no evidence indicating whether the principle on the Debtor/Defendant's mortgage with the State Bank of Herscher was reduced during the period of time that the Plaintiff was paying the Debtor/Defendant under the subject Installment Agreements. Had there been a reduction in the Debtor/Defendant's mortgage principle, that too would have to be deducted from the measure of Plaintiff's damages.

In conclusion, the Court must find that the Plaintiff has failed to meet her burden of proof by a preponderance of evidence on any of the elements under 11 U.S.C. § 523(a)(2)(A). The credible evidence at trial did not prove that the Debtor/Defendant had an intent to deceive the Plaintiff, and there was no justifiable reliance shown on the Plaintiff's part on any statement made by the Debtor/Defendant, including his attempts to resolve delinquencies in real estate taxes through a sale to a third-party buyer. As such, the Court finds that the Plaintiff's Complaint must

be denied and judgment entered in favor of the Debtor/Defendant pursuant to the provisions of 11 U.S.C. § 523(a)(2)(A).

###